IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CEDRIC KING                                                                                           PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 2:07cv136-MTP

CAPTAIN BRENDA SIMS, et al.                                                                DEFENDANTS

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on February 17, 2009. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys Pelicia Hall and Leonard Vincent. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time he filed the instant lawsuit and at the time of the events in question, Plaintiff was incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI"), having been convicted of a felony.[2] Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing;[3]

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff is currently incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi. He has been there since August 2007.

[3]*See Hurns v. Parker*, 165 F.2d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made

1

accordingly, the following claims are pending before the court:

Plaintiff, a Rastafarian, claims that he has suffered harassment and discrimination at SMCI on account of his religious affiliation - in particular, on account of his dreadlocks. Plaintiff claims that upon his arrival at SMCI on December 4, 2006, Defendant Brenda Sims, a Captain at SMCI, told him to take off his cap and when she saw his dreadlocks, she told him that he would have to have them cut. Plaintiff alleges that he explained to Captain Sims that he was a Rastafarian and that he was allowed to keep his dreadlocks under MDOC policy. From December 4 until December 28, 2006, when his dreadlocks were cut, Plaintiff alleges that he was constantly verbally harassed and threatened by Captain Sims.

Plaintiff alleges that on December 28, 2006, Captain Sims called him to the dining area. When he arrived, Sims was standing with Defendant Emmit Sparkman, Deputy Commissioner of the MDOC and Defendant Ronald King, the Superintendent of SMCI. Plaintiff claims that Captain Sims told him that he needed to get a hair cut and ordered him to go to the barber shop. Plaintiff went to the barber shop. Plaintiff claims that when the inmate barber began to cut his hair, he turned to him and asked him to not get involved, at which point the Jane Doe defendant sprayed him with mace. Plaintiff claims that he does not know why he was sprayed with mace. Plaintiff was immediately taken for medical treatment and was then taken back to the barber shop and his dreadlocks were cut.

Plaintiff also claims that he was given "faulty" RVRs for violating MDOC policy. He claims that several of the RVRs were never delivered to him, as required by MDOC policy. He claims that other RVRs had unspecified errors on them. He also claims that the RVRs were used as an "excuse" to cut his hair - that he was told that if he received a certain number of RVRs,

at *Spears* hearing supersede claims alleged in complaint).

2

they would cut his hair.

Plaintiff claims that prior to the haircut, he wrote to Defendants King and Epps describing the alleged harassment, but that they failed to take any action. Plaintiff also claims that he submitted a sensitive issue ARP to Epps but that Epps never addressed the situation. In Plaintiff's opinion, King and Epps could have and should have prevented the haircut. Plaintiff also claims that in his correspondence to Epps, he informed him about the allegedly faulty RVRs he had received. He claims that he appealed several of these RVRs to Epps, but received unfavorable responses even though the errors were "obvious."

Plaintiff claims that he also wrote to Defendant Sparkman prior to December 28, 2006 and asked him to intercede on his behalf; however, Sparkman did not do anything. Paintiff claims that Sparkman should have known that he is allowed to have dreadlocks, since he was working at Parchman when certain rulings favorable to Rastafarian inmates at Parchman were issued by the Sunflower County Circuit Court. With respect to Chaplain Jerry Cooley,[4] Plaintiff claims that he asked him to speak with the MDOC's head chaplain and to intercede on his behalf. He claims that he wrote two letters to him, as well as spoke to him in person, regarding the alleged harassment. Chaplain Cooley told Plaintiff he would look into it, but never got back to him. Plaintiff conceded that he does not know whether Chaplain Cooley tried to do anything on his behalf.

Finally, Plaintiff also claims that he was denied meals on at least four occasions between December 4 and 28, 2006.

As a result of the foregoing, Plaintiff asserts a claim against Defendants for violating his

---

[4] The docket of this case shows "Chaplain Cooley" and "Jerry Cooley" as two separate defendants. At the omnibus hearing, Plaintiff clarified that they are the same person. Accordingly, the clerk of the court shall be directed to amend the docket to reflect this.

First Amendment rights. He contends that he is allowed to have dreadlocks, but that Defendants required him to get a haircut because they were discriminating against him. Plaintiff also asserts a due process claim against Defendants, arguing that the RVRs he received were "faulty" in a variety of ways, and that Defendants used RVRs as a bogus excuse to require him to get a haircut.[5]

## 2. DISCOVERY ISSUES

Defendants shall produce to Plaintiff the following documents within thirty (30) days: 1) Any MDOC policies regarding grooming, hair length or hair cuts; 2) Any RVRs issued to Plaintiff as a result of alleged violations of the aforementioned policies, as well as any documents indicating the delivery of these RVRs to Plaintiff; 3) Any ARPs filed by Plaintiff and any correspondence between Plaintiff and any Defendant relating to the MDOC policies regarding grooming, hair length or hair cuts; 3) Any incident report regarding Plaintiff's December 28, 2006 haircut and the alleged spraying of mace on Plaintiff; and 4) To the extent such documents are in Defendants' possession, custody or control, any final orders entered by Judge Sanders in Sunflower County Circuit Court in the following cases: *Marshall v. MDOC*, 2006-0074-M and *Graves v. Sparkman*, 2001-0054-M - (s)(s).

There are no other discovery matters pending at this time, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound

---

[5] In addition to the aforementioned Defendants, Plaintiff has also sued Lloyd Beasley. However, at the omnibus hearing counsel for Defendants represented that Mr. Beasley is deceased, and Plaintiff stated that he had no objection to Mr. Beasley being dismissed from this action. Accordingly, the court shall order that Mr. Beasley be dismissed from this action with prejudice.

4

additional discovery requests unless leave of Court is requested and obtained.

## 4. MOTIONS AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is May 15, 2009. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Defendant Lloyd Beasley is dismissed with prejudice from this action.

2. The clerk of the court is directed to amend the docket of the case to reflect that Defendants "Chaplain Cooley" and "Jerry Cooley" are the same person.

3. Defendants shall produce to Plaintiff the following documents within thirty (30) days: 1) Any MDOC policies regarding grooming, hair length or hair cuts; 2) Any RVRs issued to Plaintiff as a result of alleged violations of the aforementioned policies, as well as any documents indicating the delivery of these RVRs to Plaintiff; 3) Any ARPs filed by Plaintiff and any correspondence between Plaintiff and any Defendant relating to the MDOC policies regarding grooming, hair length or hair cuts; 3) Any incident report regarding Plaintiff's December 28, 2006 haircut and the alleged spraying of mace on Plaintiff; and 4) To the extent such documents are in Defendants' possession, custody or control, any final orders entered by Judge Sanders in Sunflower County Circuit Court in the following cases: *Marshall v. MDOC*, 2006-0074-M and *Graves v. Sparkman*, 2001-0054-M - (s)(s).

4. The deadline for the filing of motions (other than motions *in limine*) is May 15, 2009.

5. This order may be amended only by a showing of good cause.

7. Plaintiff's failure to advise this court of a change of address or failure to comply with

any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED AND ADJUDGED this the 23rd day of February, 2009.

s/ Michael T. Parker
United States Magistrate Judge